CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER WAYNE BOWMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00364 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PATRICK COUNTY JAIL, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Christopher Wayne Bowman, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining about living conditions at the Patrick County Jail. After review of the Complaint, I will summarily dismiss this action.

The two claims that Bowman presents consist of sparse factual allegations without dates or details:

> Having to expose my private areas on camera in the intake cells in the jail. There is no way to use the restroom without exposing your privates on camera.

> Have to ask for STD treatment off the med cart and shouldn't have to share my condition with no one but doctor and medical.

Compl. 2, ECF No. 1 (with minor alterations in spelling and punctuation). As relief he asks for cameras to be repositioned, for unspecified changes to the way medical care is provided, and $5,000,000 in compensation.

Under 28 U.S.C. § 1915A(a), (b)(1), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Bowman lists the following as defendants in this case: Patrick County Jail and Patrick County Jail Medical. A local jail facility cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted). Thus, Bowman has no actionable claim against the jail. He also has no viable claim against the jail's medical department. Such a group of individual medical staff

members cannot qualify as an individual person subject to suit under § 1983, and Bowman fails to identify any individuals as defendants or to describe actions each individual defendant took to violate his constitutional rights.

Because Bowman's § 1983 claims cannot proceed against the jail or its medical staff as a group, I will summarily dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. Such a dismissal leaves Bowman free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.[*]

An appropriate Order will enter this day.

DATED:  October 3, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[*]  My recognition of Bowman's opportunity to resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state any proper § 1983 claim against anyone.